IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON DEAN STEWART, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD KELCHNER, et al., | : | |
| Respondent | : | NO. 07-1796 |

**REPORT AND RECOMMENDATION**

CAROL SANDRA MOORE WELLS                                             August 22, 2007
UNITED STATES MAGISTRATE JUDGE

Presently before the court is a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. Jason Dean Stewart ("Petitioner"), currently incarcerated at the State Correctional Institute at Camp Hill, Pennsylvania, seeks habeas relief based on the alleged failure of the trial court to properly consider his mitigating factors when imposing its sentence. The Honorable Timothy J. Savage referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner's habeas claims be DISMISSED without an evidentiary hearing.

**I. BACKGROUND AND PROCEDURAL HISTORY**[1]

The Pennsylvania Superior Court summarized the facts regarding Petitioner's conviction and sentencing as follows:

> On or about January 14, 2004, [Petitioner] pled guilty to more than 100 burglaries and thefts, all of which occurred during a four-month period. The majority of the burglaries involved private homes and were committed at night as the victims were sleeping. Following

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition and the Commonwealth's response, inclusive of all exhibits thereto.

-1-

> the entry of his pleas, the trial court sentenced [Petitioner] to an aggregate term of 10 to 40 years incarceration. [Petitioner] failed to file post-sentence motions or a direct appeal. However, on October 26, 2004, [He] filed a PCRA petition and ultimately was granted permission to file a *nunc pro tunc* motion for modification of sentence. [Petitioner's] motion, filed May 6, 2005, was denied by the trial court, and [his] counsel failed to file a timely notice of appeal. On September 15, 2005, the PCRA [court] entered an order permitting [Petitioner] to file a *nunc pro tunc* appeal. On appeal, [Petitioner's] sole argument is that the trial court abused its discretion in imposing a sentence that "was manifestly excessive and constituted too severe a punishment." (Appellant's Brief at 22.)

*Commonwealth v. Stewart*, No. 1661 MDA 2005, mem. op. at 1-2 (Pa. Super. Ct. April 11, 2006) ("Super. Ct. Dir. App. Op."). The Pennsylvania Superior Court affirmed Petitioner's judgment and sentence on April 11, 2006. Super. Ct. Dir. App. Op. at 5. The Pennsylvania Supreme Court denied allowance of appeal on August 1, 2006. *Commonwealth v. Stewart*, 902 A.2d 983 (Pa. 2006) (Table).

The instant petition for federal habeas corpus relief, filed on May 22, 2007, asserts that the trial court failed to properly consider available mitigating factors when imposing Petitioner's sentence. Petition ("Pet.") at 9. The Commonwealth contends that Petitioner's non-cognizable claim should be dismissed. Response ("Resp.") at 7-8. This court agrees.

## II. DISCUSSION

Petitioner's claim asserts that the trial court failed to properly consider his mitigating factors when imposing its sentence. Petitioner presented this claim to the state court for appellate review however, he was denied relief. Super. Ct. Dir. App. Op. at 5. Therefore, he has met the exhaustion requirement to have his claim considered for federal review. *See* 28 U.S.C. § 2254(b)(1)(A).

Case 2:07-cv-01796-TJS   Document 9   Filed 08/22/07   Page 3 of 4

Habeas relief is only available for violations of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). The United States Supreme Court has held that habeas matters involving a state court's discretionary acts in sentencing proceedings are not subject to federal review, unless a specific constitutional claim is allegedly violated. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 42-43 (3d Cir. 1984) (a federal court has no power to review a state-imposed sentence in a habeas matter unless it involves a violation of a specific constitutional right). Petitioner, herein has failed to argue that a specific constitutional violation occurred during his sentencing proceedings. *See* Pet. at 9. There is no underlying constitutional violation implicit or expressed in Petitioner's claim. Hence, he is solely challenging discretionary aspects of a state sentence and is not entitled to habeas relief under 28 U.S.C. § 2254(a).

### III. CONCLUSION

Petitioner's state discretionary sentencing claim is not cognizable. Further, reasonable jurists would not debate the court's procedural and substantive dispositions of his claims; therefore, a certificate of appealability should not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, I make the following:

## **RECOMMENDATION**

AND NOW, this 22nd day of August, 2007, for the reasons contained in the preceding report, it is hereby RECOMMENDED that petitioner's claim be DISMISSED, without an evidentiary hearing. Petitioner has neither demonstrated that any reasonable jurist could find this court's procedural ruling debatable, nor shown denial of any Constitutional right; hence there is no probable cause to issue a certificate of appealability.

It be so **ORDERED.**


       */s/ Carol Sandra Moore Wells*
       CAROL   SANDRA   MOORE   WELLS
       U.S. MAGISTRATE JUDGE